## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

**SPENCER THOMAS CATO,**

        **Petitioner,**

**v.**

**DERRICK YAZEL, Warden,**[1]

        **Respondent.**

**Case No. 25-CV-0462-SEH-JFJ**

## OPINION AND ORDER

Petitioner Spencer Thomas Cato ("Cato"), an Oklahoma prisoner appearing pro se, seeks federal habeas relief under 28 U.S.C. § 2254. [ECF No. 1]. He asserts he is in state custody in violation of federal law pursuant to the criminal judgment entered against him in Tulsa County District Court Case No. CF-2017-3445. [*Id.*]. Cato raises three grounds for habeas relief. [*See id.*]. Having considered Cato's Petition for Writ of Habeas Corpus ("Petition") [ECF No. 1], Respondent's Pre-Answer Motion to Dismiss Petition for Habeas Corpus ("Motion") [ECF No. 5], Respondent's Brief in Support of Pre-Answer Motion to Dismiss Petition for Habeas Corpus [ECF No. 6], the

---

[1] Cato is presently incarcerated at the Northeast Oklahoma Community Corrections Center in Vinita, Oklahoma, and Derrick Yazel is the Warden of that facility. The Court therefore substitutes Derrick Yazel, Warden, in place of Christe Quick as party Respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note on the record this substitution.

record of state-court proceedings provided by Respondent [ECF Nos. 6-1 through 6-8], Cato's Response [ECF No. 9], and applicable law, the Court GRANTS Respondent's Motion and DISMISSES the Petition because the Petition is barred by the applicable statute of limitations.

## *BACKGROUND*

On January 22, 2019, a Tulsa County jury found Cato guilty of unlawful possession of a controlled drug with intent to distribute after former conviction of two or more felonies (count 1), possession of a firearm (count 2), possession of a firearm while in the commission of a felony (count 3), resisting an officer (count 4), failure to carry insurance/ security verification form (count 5) and driving with a canceled, revoked or suspended license (count 6). [ECF No. 6-1 at 1-2; ECF No. 6-4 at 13]. The trial court sentenced Cato to a fifteen-year term of imprisonment on count 1, six years on count 2, ten years on count 3, one year on each of counts 4 and 6, and a fine on count 5. [ECF No. 6-1 at 2]. The trial court ordered counts 1 and 2 to run concurrently with each other, and counts 3, 4 and 6 to run concurrently with each other but consecutively to counts 1 and 2. [*Id.*].

Cato filed a direct appeal, and, on August 27, 2020, the Oklahoma Court of Criminal Appeals ("OCCA") reversed his conviction as to count 2 with instructions to dismiss and affirmed the remaining counts. [ECF No. 6-1 at 3]. Cato did not seek any further post-conviction relief until July 20, 2022.

[*See* ECF No. 6-4 at 25].  Between July 20, 2022, and May 13, 2025, Cato sought relief from the state courts.  [*See id.* at 25-27; *see also* ECF No. 1 at 10-12].  On August 15, 2025, Cato turned to the federal courts and filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[2]

Cato raises three grounds for habeas relief:  (1) prosecutorial misconduct; (2) "the State failed to re-arraign [Cato] after the information in the charging document was amended;" and (3) his Petition is timely because he is entitled to statutory and equitable tolling on the basis of due diligence and newly discovered evidence.  [*See* ECF No. 1 at 5-21].  Respondent contends that: (1) Cato's Petition is untimely pursuant to 28 U.S.C. § 2244(d)(1); (2) his claims are not entitled to equitable tolling; and (3) Cato cannot avail himself of the "actual innocence" exception to avoid the Antiterrorism and Effective Death Penalty Act's ("AEDPA") time bar.  [*See* ECF No. 6].

---

[2]  Cato's Petition was received by the Clerk of Court on August 29, 2025. [ECF No. 1 at 1].  However, because there is evidence showing he placed the Petition in the prison's legal mail system on August 15, 2025, the Court deems the Petition filed August 15, 2025.  [*Id.* at 32]; *see also* Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts.*

## *DISCUSSION*

Under the AEDPA, state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  These events include:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]

> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D).  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

### I.    28 U.S.C. § 2244(d)(1)(A)

As outlined above, five of Cato's six counts were affirmed by the OCCA on August 27, 2020.  [ECF No. 6-1].  Cato did not seek a writ of certiorari from the United States Supreme Court within 150 days after the OCCA affirmed

the conviction.[3]  Therefore, Cato's conviction became final on January 25, 2021.[4]  *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) ("petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until—following a decision by the state court of last resort—after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." (internal citation and quotation omitted)).  Cato's one-year period to file a petition for writ of habeas corpus began on January 26, 2021, and, absent statutory tolling, expired January 26, 2022.  Therefore, absent any tolling events, the August 15, 2025 Petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

## II.    28 U.S.C. § 2244(d)(1)(D)

As it relates to Ground Three, Cato alleges his application for post-conviction relief, filed in state district court, should have been deemed timely

---

[3]  Normally, a petition for writ of certiorari must be filed within ninety (90) days after entry of the relevant judgment. *See* Sup. Ct. R. 13.  However, "[m]iscellaneous Supreme Court Order 589 was issued in response to the COVID-19 pandemic and extended the deadline for petitions for a writ of certiorari due on or after March 19, 2020, from 90 to 150 days." *Clark v. United States*, Case No. 4:21-CV-00127-JAR, 2021 WL 5918550, at *4 n.3 (E.D. Mo. Dec. 15, 2021) (unpublished).  The Supreme Court rescinded that order on July 19, 2021. *See Miscellaneous Order Rescinding COVID-19 Orders,* 338 F.R.D. 801 (2021).

[4]  Cato's deadline was technically January 24, 2021.  Since January 24, 2021, was a Sunday, Cato's deadline to file a petition for certiorari extended to Monday, January 25, 2021.  Fed. R. Civ. P. 6(a)(1)(C).

because the factual predicate of his prosecutorial misconduct claim was not discovered until January 10, 2024.  [ECF No. 1 at 18-19].  While Cato does not specifically raise § 2244(d)(1)(D), his Petition can be liberally construed as advocating for a later commencement date pursuant to § 2244(d)(1)(D).  [*See id.* at 18, 28].  However, to the extent the Court understands Cato's Ground Three, that ground "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, [thus,] it states no cognizable federal habeas claim."  *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); [*see also* ECF No. 1 at 18-20].  It follows, § 2244(d)(1)(D) does not apply.  *See Grayson v. Martin*, Case No. 18-CV-390-TCK-JFJ, 2019 WL 2250634, at *3 (N.D. Okla. May 14, 2019) (unpublished)[5] (applying *Sellers* and finding § 2244(d)(1)(D) did not apply when petitioner's claim did not state a cognizable federal habeas claim).[6]

## III.    28 U.S.C. § 2244(d)(2)

Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim."  28 U.S.C. § 2244(d)(2).  This statutory tolling provision does not

---

[5] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[6] Cato did not allege any facts triggering §§ 2244(d)(1)(B) or (C).  [*See* ECF No. 1].  Therefore, the Court does not analyze these subsections.

apply to state petitions for post-conviction relief filed beyond the one-year limitations period prescribed by the AEDPA. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

Cato did file several motions which were decided prior to his convictions becoming final. For example, Cato filed a motion to obtain transcripts on October 7, 2019, and November 20, 2020. [ECF No. 6-4 at 23, 25]. The state district court denied the October 7, 2019 motion on January 16, 2020, and provided Cato a quote sheet for copies on November 20, 2020. [*Id.*]. Cato also filed a motion for judicial review on June 24, 2020, and it was denied on November 12, 2020. [*Id.* at 23-24]. Even if these filings are considered "properly filed" applications for State post-conviction relief, they do not provide Cato with any statutory tolling because these motions were filed and decided prior to January 26, 2021. *See, e.g., Vickers v. Bear,* Case No. CIV 14-528-RAW-KEW, 2016 WL 1032817, at *2 (E.D. Okla. Mar. 15, 2016) (unpublished) (noting that a post-conviction application filed before conviction was final "had no tolling effect until . . . the first day of the statutory year.").

Furthermore, Cato's subsequent filings, such as his July 20, 2022 motion for concurrent sentence, did not toll the applicable statute of limitations because they were filed after January 26, 2022. [*See, e.g.*, ECF No. 6-4 at 25-

27]; *Clark*, 468 F.3d at 714.  Therefore, Cato is not entitled to any statutory tolling, and his August 15, 2025 Petition is untimely.

## IV.    Equitable Tolling

While the one-year statute of limitations also may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).  Moreover, a petitioner's "burden in making this demonstration is a heavy one: [federal courts] will apply equitable tolling only if he is able to show specific facts to support his claim of extraordinary circumstances and due diligence." *Vigil v. Jones*, 302 F. App'x 801, 804 (10th Cir. 2008) (internal quotations omitted) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)).

Within Ground Three, Cato alleges the instant petition is timely pursuant to "equitable tolling on the basis of due diligence and newly discovered evidence[.]" [ECF No. 1 at 18].  Liberally construing Cato's allegations, Cato's Petition can be interpreted as contending equitable tolling should apply to the instant Petition.  [*See id.* at 18-20].  Cato's position is premised upon his interpretation of Okla. Stat tit. 22, § 1080.1(5) and the timeliness of his application for post-conviction relief based upon newly discovered evidence. [*See id.*].  Cato claims: (1) he exercised due diligence to obtain other avenues

of relief before filing a state application for post-conviction relief; (2) that he did not obtain guidance from the Oklahoma Bar Association until January 10, 2024; and (3) commenced his application for post-conviction relief within one year of that guidance. [*Id.* at 19]. Accepting Cato's position, he is still not entitled to equitable tolling in the instant proceeding for multiple reasons.

First, Cato must establish extraordinary circumstances beyond his control *and* due diligence. Cato's Petition is silent as to extraordinary circumstances. Second, even if Cato articulated an extraordinary circumstance, Cato's Petition does not explain how his failure to timely file the *instant* petition, not his state court application for post-conviction relief, was *caused* by any extraordinary circumstance. *Marsh,* 223 F.3d at 1220 (petitioner must demonstrate "that the failure to timely file was *caused* by extraordinary circumstances beyond his control." (emphasis added)); *see also Ross v. Varano,* 712 F.3d 784, 803 (3d Cir.2013) ("[F]or a petitioner to obtain [equitable tolling] relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." (cited by *Del Rantz v. Hartley,* 577 F. App'x 805, 811 (10th Cir. 2014)). By completely ignoring the timeliness of the instant Petition and arguing the timeliness of his state application for post-conviction relief and his associated efforts to obtain state relief, Cato failed to carry the

9

burden necessary to trigger equitable tolling.  For these reasons, the Court concludes Cato is not entitled to equitable tolling, and his August 15, 2025 Petition, filed well beyond the AEDPA statute of limitations deadline, is time-barred.

## V.    Actual Innocence

Finally, Cato alleges he is actually innocent.  [ECF No. 1 at 26-31]. Successful actual-innocence claims are rare due to the demanding evidentiary requirements for such claims.  *McQuiggin v. Perkins*, 569 U.S. 383, 386 and 401 (2013); *House v. Bell*, 547 U.S. 518, 538 (2006).  "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'"  *House*, 547 U.S. at 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); accord *McQuiggin*, 569 U.S. at 399 (applying the same standard to petitions asserting actual innocence as a gateway to raise habeas claims that are time-barred under § 2244(d)(1)).  "To be credible, a claim of actual innocence requires a petitioner to present 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial.'"  *Fontenot v. Crow*, 4 F.4th 982, 1031 (10th Cir. 2021) (quoting *Schlup*, 513 U.S. at 324).

Cato does not provide any new evidence.  He repeats his three grounds for relief and argues had this "new evidence" been presented to the jury he would not have been convicted.  [ECF No. 1 at 26-31].  However, to avail himself of the actual innocence exception, a petitioner must make a colorable showing of factual innocence, not legal innocence.  *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000); *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995).  At best, Cato's argument is one of legal innocence and insufficient to satisfy the actual innocence gateway.  For all the reasons explained above, Cato's Petition is time-barred.[7]

### *CONCLUSION*

The Court finds and concludes that Cato's Petition for Writ of Habeas Corpus is time-barred.  The Court therefore grants Respondent's Motion and dismisses the Petition.  The Court further concludes that no certificate of appealability shall issue because no reasonable jurists would debate the denial of the Petition on statute-of-limitations grounds.  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that Respondent's Motion to Dismiss [ECF No. 5] is **granted**; Petitioner's Petition for Writ of Habeas Corpus [ECF

---

[7] Respondent also moves to dismiss Cato's claims as procedurally defaulted. [ECF No. 6 at 19-22].  Since the Court determines the Petition is untimely, it does not address the merits of Respondent's procedural default argument.

11

No. 1] is **dismissed**; a certificate of appealability is **denied**; and a separate judgment of dismissal shall be entered in this matter.

**IT IS FURTHER ORDERED** that the Clerk of Court shall note on the record the substitution of Derrick Yazel, Warden, in place of Christe Quick as party Respondent.

**DATED** this 29th day of April, 2026.

_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE